UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEXTER HUTCHINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WADE GOURLEY, et al., )<br>)<br>Defendants. )<br>) | CIV-24-852-R |

# ORDER

Plaintiff Dexter Hutchins, proceeding pro se, initiated this action alleging that his constitutional rights were violated when he was arrested by officers with the Oklahoma City Police Department. Defendant "City of Oklahoma City Police Department" filed a Motion to Dismiss [Doc. No. 24] contending that the Oklahoma City Police Department is not a suable entity and that it has not been properly served. Plaintiff did not file a response in opposition and, pursuant to this Court's Local Civil Rules, the motion could be deemed confessed. *See* LCvR 7.1(g). However, the Court has reviewed the merits of the motion and finds that the arguments are well taken.

Plaintiff's Complaint [Doc. No. 1] identifies the "City of Oklahoma City Police Department" as a defendant in this action.[1] Compl. at p. 5, 7. However, the Oklahoma City Police Department, as a subordinate department of the City of Oklahoma City, lacks the capacity to sue or be sued and is therefore not a proper defendant. *See Currie v. Oklahoma*

---

[1] The Complaint also names as defendants Wade Gourley (the former OCPD police chief) in his individual capacity and Alexander Ocosta (the alleged arresting officer).

*City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *4 (W.D. Okla. Apr. 30, 2008); *Benavides v. City of Oklahoma City*, No. CIV-11-126-C, 2011 WL 1457331, at *1 (W.D. Okla. Apr. 14, 2011).

Additionally, Plaintiff has failed to properly serve this defendant. Pursuant to Fed. R. Civ. P. 4(j)(2), a municipal entity must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Oklahoma state law provides that "[a]ny notice or process affecting a municipality shall be served upon the municipal clerk, or in his or her absence then upon a deputy municipal clerk and upon the mayor." Okla. Stat. tit. 11, § 22-103. The record reflects that a summons was issued to the "City of Oklahoma City Police Department" and was served on an Oklahoma City Police Department officer, rather that the municipal clerk as required. Moreover, Plaintiff's attempted service on an unauthorized person is not in substantial compliance with the service statute. *See Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 800 (10th Cir. 2008) ("A plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person.").

Accordingly, the "Motion to Dismiss of Defendant City of Oklahoma City Police Department" [Doc. No. 24] is GRANTED and, because the Oklahoma City Police Department is not a suable entity, this defendant is DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of March, 2025.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**