UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEXTER HUTCHINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-24-852-R |
| ) | |
| WADE GOURLEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

Plaintiff, proceeding pro se, has filed a "Motion to Reconsider Judgment for Cause" [Doc. No. 84] seeking reconsideration of the order granting summary judgment to Defendants Acosta and Shaw. Defendants responded in opposition [Doc. No. 87] and the matter is now at issue.

Plaintiff's motion is properly construed as seeking relief under Fed. R. Civ. P. 59(e) because Plaintiff submitted the motion within 28 days after the entry of the judgment. *See* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703–04 (10th Cir. 1998) ("post-judgment motions . . . should, where possible, be construed as 59(e) motions"). "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

1

In general, reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law" but "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

Here, Plaintiff fails to persuasively argue that any of the limited circumstances warranting Rule 59(e) relief is present. He first contends that Defendants' motion for summary judgment was granted without giving him an opportunity to respond. Defendants moved for summary judgment [Doc. No. 75], Plaintiff filed a response in opposition [Doc. No. 78], and Defendants filed a reply brief [Doc. No. 80]. After this briefing cycle was complete, the Court issued an order and judgment in favor of Defendants. Plaintiff appears to be misconstruing Defendants' reply as a second motion for summary judgment, but it was in fact a reply brief to which Plaintiff was not entitled to respond.

Plaintiff next argues that Defendants are not entitled to qualified immunity because they lacked probable cause for the arrest. In support of this argument, he relies on documents from the municipal court showing that the charges were ultimately dismissed. Plaintiff raised this argument in his response brief and his failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to reconsider. Moreover, the pertinent question in this case is whether the officers had a reasonable suspicion that a traffic violation occurred and probable cause for the arrest, not

"whether plaintiff could have or should have been found guilty of violating the municipal ordinance had the charges been pursued." *Ross v. City of Oklahoma City*, No. CIV-15-0935-HE, 2016 WL 3029968, at *2 (W.D. Okla. May 25, 2016); *see also United States v. Christian*, 190 F. App'x 720, 723 n. 3 (10th Cir. 2006) ("Again, we note that the issue is not whether Mr. Christian could or would be convicted for violating the Oklahoma statute, but rather whether the officer reasonably believed he was committing the offense."). As explained in the Court's prior order, the undisputed material facts, which Plaintiff did not controvert, establish that the traffic stop and arrest were reasonable under the Fourth Amendment.

Plaintiff has not identified any clear error or other ground that would warrant reconsideration of the Court's prior order. Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 15th day of December, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE